IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **TAURENCE TARELL DOTSON,** | : | |
| **Plaintiff,** | : | |
| v. | : | Case No. 5:25-cv-229-CAR-CHW |
| **SERGEANT RHODES,** *et al.*, | : | |
| **Defendants.** | : | |

## ORDER

Pending before the Court is a Complaint filed pursuant to 42 U.S.C. § 1983 by *pro se* Plaintiff Taurence Tarell Dotson, a prisoner in the Bibb Couty LEC in Macon, Georgia (ECF No. 1). Plaintiff also moved for leave to proceed *in forma pauperis* ("IFP") (ECF No. 2). A prisoner seeking to proceed IFP must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Plaintiff has not submitted a certified copy of his trust fund account information.

Without this information, the Court cannot determine whether Plaintiff is entitled to proceed IFP or calculate the average monthly deposits or the average monthly balance in Plaintiff's prison trust account as required by 28 U.S.C. § 1915. *See id.* (requiring the district court to assess an initial partial filing fee when funds are available). Plaintiff is therefore **ORDERED** either to pay the Court's $405.00 filing fee in full or to submit a complete and proper motion to proceed IFP, which should include a certified copy of his trust fund account statement for the six months prior to the filing of the Complaint in this action. The Clerk is **DIRECTED** to provide Plaintiff with a copy of the appropriate forms for this purpose, marked with the case number for this case.

Plaintiff has filed documents indicating that prison officials may not be complying with his requests for certified copies of his trust account information. *See, e.g.,* ECF No. 4-1 at 23-24. Plaintiff is therefore instructed to show the appropriate prison official this Order when he requests his prison trust fund account information. If the prison official refuses to provide the requested information, Plaintiff should notify the Court: (1) the name of the prison official from whom he requested the certified copy of his trust fund account statement; (2) the date he made such request; and (3) the date that he was notified that the prison official would not provide the requested documentation. If Plaintiff receives notification in writing from the prison official regarding an inability to provide a certified copy of his prison trust fund account statement, Plaintiff should provide the Court with a copy of this notification.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to comply. Plaintiff is additionally instructed to immediately notify the Court, in writing, of any change in his mailing address. **If Plaintiff does not fully and timely comply with this Order, this action may be dismissed.** There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 14th day of July, 2025.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge