**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **TAURENCE TARELL DOTSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 5:25-cv-229-CAR-CHW** |
| | : | |
| **SERGEANT RHODES,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| ———————————— | : | |

## ORDER

Pending before the Court is a Complaint filed pursuant to 42 U.S.C. § 1983 by *pro se* Plaintiff Taurence Tarell Dotson, a prisoner in the Bibb Couty LEC in Macon, Georgia (ECF No. 1). On July 14, 2025, Plaintiff was ordered to submit a certified copy of his prison trust fund account information. Plaintiff was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of this case. *See generally* ECF No. 5.

Though the time for compliance passed, it appears Plaintiff never received a copy of the July 14th Order; it was returned to the Court as undeliverable, even though it was addressed to Plaintiff at his address of record at the Bibb County LEC. *See* ECF No. 6 (copy of envelope marked "Return to Sender"). After this document was returned to the Court, the Court received additional correspondence from Plaintiff that was mailed from the Bibb County LEC. *See generally* ECF Nos. 7, 8. It thus appears that the July 14th Order may have been returned to the Court by mistake.

For this reason, Plaintiff is again advised that a prisoner seeking to proceed IFP must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust

fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Plaintiff has not submitted a certified copy of his trust fund account information. Without this information, the Court cannot determine whether Plaintiff is entitled to proceed IFP or calculate the average monthly deposits or the average monthly balance in Plaintiff's prison trust account as required by 28 U.S.C. § 1915. *See id.* (requiring the district court to assess an initial partial filing fee when funds are available).

Plaintiff is **ORDERED** either to pay the Court's $405.00 filing fee in full or to submit a complete and proper motion to proceed IFP, which should include a certified copy of his trust fund account statement for the six months prior to the filing of the Complaint in this action. The Clerk is **DIRECTED** to provide Plaintiff with a copy of the appropriate forms for this purpose, marked with the case number for this case.

Plaintiff has filed documents indicating that prison officials may not be complying with his requests for certified copies of his trust account information. *See, e.g.,* ECF No. 4-1 at 23-24. Plaintiff is instructed to show the appropriate prison official this Order when he requests his prison trust fund account information. If the prison official refuses to provide the requested information, Plaintiff should notify the Court: (1) the name of the prison official from whom he requested the certified copy of his trust fund account statement; (2) the date he made such request; and (3) the date that he was notified that the prison official would not provide the requested documentation. If Plaintiff receives notification in writing from the prison official regarding an inability to provide a certified copy of his prison trust fund account statement, Plaintiff should provide the Court with a copy of this notification.

Plaintiff has also submitted two letters that may contain additional claims against some or all of the Defendants in this action (ECF Nos. 7, 8). Plaintiff may amend his Complaint once as a

matter of course at this stage in the litigation. Fed. R. Civ. P. 15(a). If Plaintiff wishes to amend his Complaint, he should submit an amended complaint on one of the Court's standard forms. Any amended complaint Plaintiff submits will supersede, or take the place of, Plaintiff's original Complaint. *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (holding that generally, "[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averment against his adversary" (alteration in original) (citation omitted)). If Plaintiff chooses to file an amended complaint, he should therefore ensure that he includes all facts and legal claims he wishes the Court to consider in his amended complaint, even if he has already included those facts and claims in his original Complaint.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to comply. Plaintiff is additionally instructed to immediately notify the Court, in writing, of any change in his mailing address. **If Plaintiff does not fully and timely comply with this Order, this action may be dismissed.** There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 22nd day of August, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge