**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **TAURENCE TARELL DOTSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 5:25-cv-229-CAR-CHW** |
| | : | |
| **SERGEANT RHODES,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## <u>ORDER AND RECOMMENDATION</u>

In accordance with the Court's previous orders and instructions, Plaintiff, an inmate in the Bibb County LEC, has paid the initial partial filing fee required in this case.[1]   His claims are now ripe for review pursuant to 28 U.S.C. § 1915A and § 1915(e).   Having conducted such review, Plaintiff's claims that Defendant Rhodes violated Plaintiff's First Amendment free speech rights shall proceed for further factual development.   It is **RECOMMENDED**, however, that Plaintiff's remaining claims be **DISMISSED without prejudice.**

### PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

### I.      Standard of Review

The Prison Litigation Reform Act ("PLRA") directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee.   28 U.S.C. § 1915A(a).   When conducting this review, "*[p]ro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally

---

[1] Although recent correspondence from the Court sent to the jail was returned as undeliverable, the jail's online inmate search shows Plaintiff is still incarcerated at that facility. *See* https://inmate.bibbsheriff.us/search [https://perma.cc/V833-76D2] (searched "Taurence Dotson") (last visited Jan. 29, 2026).

construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. § 1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."   *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted).   On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."   *Id*. (citations omitted).   A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process.   *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]"   *Twombly*, 550 U.S. at 555 (citations omitted).   In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.   *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.   *Hale v. Tallapoosa Cnty*., 50 F.3d 1579, 1582 (11th Cir. 1995).   If a litigant cannot satisfy

2

these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

## II.    Factual Allegations

Plaintiff's claims arise from his incarceration at the Bibb County LEC beginning in March of 2025.   ECF No. 1-1 at 1.   Plaintiff contends that Defendant Rhodes, the jail officer responsible for handling inmate mail, has opened Plaintiff's legal mail outside of Plaintiff's presence on more than one occasion.   *Id.*   When Plaintiff filed a grievance about this practice, the response was, "we have the right to open up all mail without you being present."   *Id.*   In addition, Plaintiff alleges that Defendant Blast, another jail officer, refused to sign some paperwork for him or print out a copy of his inmate account history.   *Id*. at 1-2.   Plaintiff contends these Defendants' actions violated his constitutional rights, and as a result he seeks punitive and compensatory damages.   *Id.* at 3.

## III.    Plaintiff's Claims

### A.  Claims against Defendant Rhodes

It is well-established that prison officials are forbidden from opening an inmate's properly marked legal mail outside of the inmate's presence.   *Mitchell v. Peoples*, 10 F.4th 1226, 1228 (11th Cir. 2021) (observing that this "simple rule has governed prison mail procedures in our Circuit for nearly 50 years").   A prison official who does so violates two rights associated with the First Amendment: the inmate's right of access to the courts and his right to free speech.   *Id.* at 1229.

To the extent Plaintiff is alleging that Defendant Rhodes violated his right of access to the courts, he has failed to state a constitutional claim. "Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 n. 12 (2002)). "To have standing to seek relief under this right, however, a plaintiff must show actual injury by 'demonstrat[ing] that a nonfrivolous legal claim ha[s] been frustrated or . . . impeded.'" *Jackson v. State Bd. of Pardons & Paroles*, 331 F.3d 790, 797 (11th Cir. 2003) (alterations and omission in original) (citing *Lewis v. Casey*, 518 U.S. 343, 353 (1996)). A plaintiff attempting to assert an access-to-courts claim must therefore identify the underlying action in his complaint, and this underlying action "must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Christopher*, 536 U.S. at 415. "Examples of actual injury include missing filing deadlines or being prevented from presenting claims." *Denney v. Nelson*, 304 F. App'x 860, 863 (11th Cir. 2009) (internal quotation marks and citation omitted).

Plaintiff has not identified or described any nonfrivolous underlying legal action, nor has he provided any example of an actual injury he suffered as a result of Defendant Rhodes' conduct. Plaintiff has therefore failed to state an access-to-courts claim against Defendant Rhodes. *See, e.g., Allen v. St. John*, 827 F. App'x 1002, 1005 (11th Cir. 2020) (affirming dismissal of access-to-courts claim where plaintiff "did not state in his amended complaint the underlying claim from his earlier lawsuit" with which defendants' conduct allegedly interfered); *Daker v. Warren*, 660 F. App'x 737, 741 (11th Cir. 2016) (holding that plaintiff failed to state access-to-courts claim where he did not "explain[] how he had colorable claims for relief that he could have asserted but for the

4

alleged lack of access to the courts"). These claims must therefore be dismissed without prejudice.

On the other hand, Plaintiff has stated a claim that Defendant Rhodes violated his First Amendment free speech rights by opening Plaintiff's legal mail outside Plaintiff's presence. *See, e.g., Mitchell*, 10 F.4th at 1231-32 (holding that opening inmate's legal mail outside inmate's presence "sufficiently chills, inhibits, or interferes with [a prisoner's] ability to speak, protest, and complain openly to his attorney so as to infringe his right to free speech" (quoting *Al-Amin v. Smith*, 511 F.3d 1317, 1334 (11th Cir. 2008)); *see also id.* at 1232 (noting that "*Al-Amin* plainly states that opening legal mail outside an inmate's presence is unlawful—it places no numerical qualifications on that rule," and thus opening even one piece of an inmate's legal mail outside his presence could violate the First Amendment). Plaintiff's First Amendment free speech claim against Defendant Rhodes shall therefore proceed for further factual development.

### B.  Claims against Defendant Blast

Plaintiff also alleges that Defendant Blast refused to cooperate with Plaintiff's request for signing or notarizing documents or for a copy of his prison trust fund account statement. ECF No. 1-1 at 1-2. Plaintiff thus contends Defendant Blast also interfered with his access to the courts. *See id.* As noted above, however, to state an actionable access-to-courts claim, Plaintiff must establish that he suffered an "actual injury" as the result of Defendant's actions by specifically identifying a non-frivolous legal claim that was frustrated or impeded by Defendant's conduct and describing exactly how that non-frivolous legal claim was frustrated or impeded. *Jackson*, 331 F.3d at 797; *Denney*, 304 F. App'x at 863. Plaintiff has failed to do so. As such, any access-to-courts claims against Defendant Blast must be dismissed without prejudice.

C. Claims against Defendant Davis

It is not entirely clear whether Plaintiff wishes to sue Sheriff Davis in this action. Plaintiff lists Defendant Davis in the caption of this case, ECF No. 1 at 1, but he does not identify him as a Defendant on the portion of the form requiring Plaintiff to list each Defendant, *id.* at 2. Plaintiff also fails to specifically mention Defendant Davis in the body of his Complaint. *See generally* ECF No. 1-1. Plaintiff, however, could be attempting to sue Defendant in his capacity as the supervisor of Defendant Rhodes.[2]

It is well-settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g., Christmas v. Nabors*, 76 F.4th 1320, 1330 (11th Cir. 2023); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Rather, supervisors can only be held liable under § 1983 if they personally participated in unconstitutional conduct or if there is a causal connection between their actions and the alleged constitutional violation. *See, e.g., Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam). A causal connection can be established if

> (1) a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (internal quotation marks omitted).

---

[2] There can be no supervisory claims against Defendant Davis regarding Defendant Blast's actions because Defendant Blast's actions did not violate any of Plaintiff's constitutional rights. *See, e.g., Myers v. Bowman*, 713 F.3d 1319, 1328 (11th Cir. 2013) (holding that "a supervisor may not be held liable under section 1983 unless the supervised official committed an underlying violation of a constitutional right").

In this case, Plaintiff does not allege any history of widespread abuse regarding the handling of mail at the jail.   Indeed, Plaintiff acknowledges that the inmate handbook provides that "privileged mail," including all mail from courts, attorneys, or public officials, should only be inspected in front of the inmate.   ECF No. 1-1 at 2.   This suggests that Defendant Davis had policies in place to ensure that legal mail was handled appropriately.   While Plaintiff has also alleged that unnamed prison officials responded to his grievance by stating that they had the right to open "all mail" without Plaintiff being present, *id.* at 1, Plaintiff does not allege which officials responded to this grievance or plead any other facts showing that Defendant Davis had a custom of allowing his officers to ignore the legal mail policy or knew they would do so and failed to stop them.   *See McDowell v. Brown*, 392 F.3d 1283, 1290 (11th Cir. 2004) ("In order for a plaintiff to demonstrate a policy or custom, it is generally necessary to show a persistent and wide-spread practice." (internal quotation marks and citation omitted)).   Thus, Plaintiff has not alleged facts sufficient to show that Defendant Davis is liable in his supervisory capacity for Defendant Rhodes' actions, and any claims against him should be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims that Defendant Rhodes violated Plaintiff's First Amendment free speech rights by opening Plaintiff's legal mail outside of Plaintiff's presence shall proceed for further factual development. It is **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED without prejudice.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable C. Ashley Royal, Senior United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.   The

parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Objections to the Recommendation are limited in length to twenty (20) pages. A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for filing objections and by specifying the number of pages requested. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendant Rhodes, it is accordingly **ORDERED** that service be made on Defendant and that he file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is similarly advised that he is expected to diligently defend all

allegations made against him and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.   If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff.   The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.   The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.   **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of**

9

**the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

**IT IS FURTHER ORDERED** that Defendant comply with the attached "Required Disclosure of the Existence of Video or Photographic Evidence When Plaintiff Files Suit Against One or More Georgia Department of Corrections Employees Relating to Events That Occurred During Plaintiff's Incarceration within the Georgia Department of Corrections."

10

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 2nd day of February, 2026.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

**REQUIRED DISCLOSURE OF THE EXISTENCE OF VIDEO OR PHOTOGRAPHIC EVIDENCE WHEN PLAINTIFF FILES SUIT AGAINST ONE OR MORE GEORGIA DEPARTMENT OF CORRECTIONS EMPLOYEES RELATING TO EVENTS THAT OCCURRED DURING PLAINTIFF'S INCARCERATION WITHIN THE GEORGIA DEPARTMENT OF CORRECTIONS**

Counsel for the Defendants shall confer with the Defendants and with appropriate Georgia Department of Corrections ("GDC") staff, and no later than 30 days from the date of entry of this Required Disclosure file the following disclosures:

(1)     State whether, at the time of the incident alleged in the complaint, the facility had stationary or mounted cameras in the area where that incident allegedly occurred.

(2)     If so, state whether those cameras recorded the events alleged by Plaintiff, whether those recordings have been preserved, and the identity of the custodian of the recordings.   If the recordings have not been preserved, explain in detail why.

(3)     State whether body-worn or handheld cameras recorded the events alleged by Plaintiff, whether those recordings have been preserved, and identify the custodian of the recordings.   If the recordings have not been preserved, explain in detail why.

(4)     If Plaintiff complains of a use of force (either anticipated, spontaneous, or unanticipated) as that term is defined in the GDC Standard Operating Procedure, Use of Video Recording Equipment, Policy No. 204.11, and the GDC Standard Operating Procedure, Use of Force and Restraint for Offender Control, Policy No. 209.04, identify the custodian of any recordings of the events alleged.   If there are no available recordings, explain in detail why the events were not recorded or, if recorded but no longer available, why the recordings were not preserved.

(5)     Identify all GDC employees contacted to gather the information required by this disclosure.

Counsel is directed to preserve all video recordings and any photographs that may have captured the events giving rise to the complaint.   Failure to do so may result in the imposition of sanctions.

12